**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated:  February 5 2018

John P. Gustafson
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 17-31092 |
| | ) | |
| Robin E. Vess | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | JUDGE JOHN P. GUSTAFSON |
| | ) | |

### MEMORANDUM AND ORDER RE TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION

This matter came before the court on August 30, 2017 for Hearing on Trustee's Motion Objecting to Exemptions Pursuant to Bankruptcy Rule 4003(b) [Doc. #20]. Counsel for Robin E. Vess ("Debtor") had filed a Response to Trustee's Objection to Exemption [Doc. #23]. At the Hearing, the court provided the parties with an opportunity to file additional briefs on the issue presented. The Trustee filed "Trustee's Objection to Homestead Exemption and Brief in Support" [Doc. #26], and Debtor's attorney filed "Debtor's Brief Opposing Trustee's Objection to Her Exemption" [Doc. #25].

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. §1334(a) as a case under Title 11.  It has been referred to this court by the district court under its general order

of reference. 28 U.S.C. §157(a); General Order 2012–7 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and decide. 28 U.S.C. §157(b)(1) and (b)(2)(B).

For the reasons that follow, Trustee's Objection to the Debtor's claim of exemption will be granted in part, and denied in part.

## FACTUAL BACKGROUND

On Schedule A/B, the Debtor listed the residential property located at 9950 County Road 7 in Delta, Ohio as having a value of $67,000. [Doc. #1, p. 10]. Schedule A/B and Schedule D [Doc. #1, p. 18] did not list any secured debt associated with the real estate. Schedule C listed a claim of exemption in the amount of $67,000 in the real estate located in Delta, Ohio. [Doc. #1, p. 16]. Below the description of the property claimed as exempt are the words: "see Exhibit A." [*Id.*]. Attached to the Petition and Schedules was Exhibit A, a copy of a document captioned "Irrevocable Trust Agreement". [Doc. #1-1].

The Irrevocable Trust Agreement ("Trust Agreement") is dated May 20, 2010. [*Id.*, p. 1]. It states that the Grantor/Settlor of the Trust is the Debtor, Robin Vess, and the Trustee is Southpoint Properties, Inc. [*Id.*]. The Trust Agreement has a choice of law provision providing that the Trust is governed by the laws of the State of Ohio.[1] [*Id.*, p. 5]. The Trust Agreement also states: "No interest in the Trust shall be subject to the beneficiary's liabilities or creditor claims, assignment or anticipation." [*Id.*, p. 3].

The Trustee is to "apply and dispose of the net income and principal" to certain legal fees, with the "Residue to recipient Robin Vess". [*Id.*, pp. 1-2]. The Trust Agreement further states that, upon Settlor's death, "[t]he principal and any accrued but undistributed income of this Trust shall be distributed among beneficiaries as Settlor shall appoint in her Last Will and Testament...." [*Id.*, p. 2]. This power to appoint who receives the principal and income of the Trust upon Settlor's death, is limited: "In no event shall Settlor exercise such power of appointment in favor of herself, her

---

[1]/ The existence of parties' property rights in bankruptcy generally depend on state law, *see*, *e.g.*, *Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914, 917-18, 59 L. Ed. 2d 136 (1979), and the bankruptcy court applies the law of the state where the court sits, including the choice of law provisions. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941); *Morgan v. Del Glob. Techs. Corp.*, 2007 WL 3227068 at * 12, 2007 U.S. Dist. LEXIS 84638 at *33 (S.D. Ohio Oct. 29, 2007).

creditors, her estate, or the creditors of her estate." [*Id*., p. 2].

Attached to Debtor's Brief Opposing Trustee's Objection to Her Exemption is a copy of the deed transferring the Delta property to the Trust [Doc #25-1]. The deed is dated August 2, 2011 and appears to have been validly executed. [*Id.*].

An Affidavit attached to the filed copy of the Trust Agreement states that the Trustee, Southpoint Properties, Inc., resigned as Trustee of the Trust on January 8, 2014, and that the Trustee's resignation was effective on February 7, 2014. [Doc. #1-1, p. 7].

## LAW AND ANALYSIS

The filing of a Chapter 7 Petition creates a bankruptcy estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). The Bankruptcy Code allows debtors to exempt certain property from the bankruptcy estate pursuant to 11 U.S.C. §522(b). *Holland v. Star Bank, N.A. (In re Holland )*, 151 F.3d 547, 548 (6th Cir.1998). Pursuant to §522(b)(2), a debtor may claim federal exemptions set forth in §522(d) so long as the applicable state has not "opted-out" and enacted its own exemptions. Ohio has opted-out of the federal exemptions, and debtors' bankruptcy exemptions are taken from the Ohio statute. *See*, Ohio Revised.Code §2329.662.

Exemption claims are afforded a *prima facie* presumption that they are valid. *In re Aubiel*, 534 B.R. 300, 304 (6th Cir. BAP 2015). The party objecting to a debtor's claimed exemption has the burden of rebutting the presumption by a preponderance of the evidence. Fed. R. Bankr. P. 4003(c); *In re Wengard*, 453 B.R. 243, 246 (6th Cir. BAP 2011); *Hamo v. Wilson* (*In re Hamo*), 233 B.R. 718, 723 (6th Cir. BAP 1999). Given their remedial nature, both federal and Ohio courts generally construe exemption statutes in favor of the debtor. *In re Pugh*, 2015 WL 5145030 at *2, 2015 Bankr. LEXIS 2911 at *4 (Bankr. N.D. Ohio Aug. 31, 2015); *see also*, *Wengard*, 453 B.R. at 246-47; *Daugherty v. Cent. Trust Co. of Ne. Ohio*, 28 Ohio St.3d 441, 443, 504 N.E.2d 1100, 1101 (1986); *Dennis v. Smith*, 125 Ohio St. 120, 124-25, 180 N.E. 638, 640 (1932); *Sears v. Hanks*, 14 Ohio St. 298, 301 (1863)("The [homestead] act should receive as liberal a construction, as can fairly be given to it.").

At issue here is the Trustee's Objection to Debtor's homestead exemption claimed under Ohio law. Ohio Revised Code §2329.66(A)(1)(b) states that:

> (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgement or order, as follows:
>
> (1)(a)...
>
> (b) In the case of judgements and orders, the person's interest, not to exceed one hundred twenty-five thousand dollars, in one parcel or item of real or personal property that the person or a dependant of the person uses as a residence.[2]

*See, Aubiel*, 534 B.R. at 304; *In re Breece*, 2013 WL 197399, 2013 Bankr. LEXIS 203 (6th Cir. BAP Jan. 18, 2013). Thus, a debtor claiming a homestead exemption under Ohio law must: 1) have a sufficient "interest" in the property at issue, and 2) occupy or use the property as a residence. *Pugh*, 2015 WL 5145030 at *2, 2015 Bankr. LEXIS 2911 at *6; *In re Kimble*, 344 B.R. 546, 552-53 (Bankr. S.D. Ohio 2006); Ohio Rev.Code §2329.66(A)(1)(b). A debtor's right to an exemption is determined as of the date the debtor files for bankruptcy relief. *Wengerd*, 453 B.R. at 249–50.

With regard to the case at hand, it is undisputed that Debtor resides in the property at issue, meaning that the second element of the test for claiming a homestead exemption under Ohio law is satisfied. [Doc # 23, p. 1]. Accordingly, the court is faced with a narrow question: does Debtor maintain an "interest" in her residence sufficient to qualify for a homestead exemption under Ohio law?

I. **"Interest" Under Ohio Revised Code § 2329.66(A)(1)(b)**

Because the Ohio Supreme Court has yet to interpret the term "interest" under §2329.66(A)(1)(b), this court must do its best to "ascertain how [the Ohio Supreme Court] would rule if it were faced with the issue." *Pugh*, 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at *7

---

[2]/ Ohio law allows for routine adjustment of the exemption amount:

> (B) On April 1, 2010, and on the first day of April in each third calendar year after 2010, the Ohio judicial conference shall adjust each dollar amount set forth in this section to reflect the change in the consumer price index for all urban consumers, as published by the United States department of labor, or, if that index is no longer published, a generally available comparable index, for the three-year period ending on the thirty-first day of December of the preceding year.

Ohio Rev. Code Ann. § 2329.66(B). Although the adjusted amounts do not appear in the statutory text, they may be found by visiting the Ohio Judicial Conference website. Ohio Judicial Conference, http://www.ohiojudges.org/Document.ashx?DocGuid=c6a5f473-62f4-4466-9e4f-aaf7b59c1b66 (last visited Dec. 11, 2017). The homestead exemption amount at the time of Debtor's filing is $136,925.00.

(quoting *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999)). When faced with issues of statutory interpretation, "[Ohio] court[s'] principal concern is the legislative intent in enacting the statute." *Carnes v. Kemp*, 104 Ohio St.3d 629, 632, 821 N.E.2d 180, 183 (2004); *State ex rel. Francis v. Sours*, 143 Ohio St. 120, 124, 53 N.E.2d 1021, 1023 (1944)). "In order to determine [legislative] intent, a court looks to the words of the statute itself." *Carnes v. Kemp*, 104 Ohio St.3d at 632, 821 N.E.2d at 183; *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105, 304 N.E.2d 378, 381 (1973)). To determine how the Ohio Supreme Court would interpret a statute, the court may look to analogous cases and relevant *dicta* in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions, including the majority rule. *Baumgart v. Alam (In re Alam)*, 359 B.R. 142, 147 (6th Cir. BAP 2006); *Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 631 (S.D. Ohio 2004).

Bankruptcy courts interpreting the term "interest" under §2329.66(A)(1)(b) have held that the Ohio Supreme Court would permit debtors to claim the homestead exemption where the "interest" was something less than fee simple ownership. *Pugh*, 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at **8-9 (collecting cases). In *Pugh*, the debtors claimed an Ohio homestead exemption in inherited property still subject to then ongoing state probate court proceedings. *Pugh*, 2015 WL 5145030, 2015 Bankr. LEXIS 2911. While noting that the property could still be sold in order to satisfy the decedent-mother's remaining debts, the court held that both debtors maintained an exemptible "interest" in property under §2329.66(A)(1)(b) on the grounds that 1) debtor-wife's rights in the property vested at the time of her mother's death intestate, and 2) debtor-husband's rights in the property vested in the form of a statutory dower interest recognized under Ohio law. *Pugh*, 2015 WL 5145030 at *5, 2015 Bankr. LEXIS 2911 at **10-14.

The *Pugh* decision relied, in part, upon the fact that Ohio chose not to use a term denoting ownership of the property, but instead used "the broader terminology of protecting a person's 'interest' in property that he or she uses as a residence." 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at *8. The *Pugh* court reviewed the decisions that had examined the issue of what is an "interest" under Ohio law:

> Other bankruptcy courts applying Ohio law have persuasively predicted that the Ohio Supreme Court would find a variety of debtor interests in property

amounting to less than titled ownership to qualify as an "interest" for purposes of application of § 2329.66(A)(1)(b). *See In re Starr*, 485 B.R. 835 (Bankr. N.D. Ohio 2012)(debtor entitled to claim Ohio homestead exemption in property titled in the name of a trust of which debtor was the settlor, trustee and beneficiary); *In re Miller*, 151 B.R. 800 (Bankr. N.D. Ohio 1992)(debtor entitled to claim homestead exemption in inchoate dower interest in real property titled in her spouse's name); *In re Wycuff*, 332 B.R. 297, 302 (Bankr. N.D. Ohio 2005) (same); *In re Kimble*, 344 B.R. 546, 552 (Bankr. S.D. Ohio 2006) (debtors permitted to claim Ohio homestead exemption in remainder interest in real property). *But see In re Breece*, 2013 Bankr. LEXIS 203, 2013 WL 197399 (appellate court rejects debtor's claim of the Ohio homestead exemption in property titled in an LLC of which debtor was the sole member). *But cf. In re Miller*, 427 B.R. 616 (Bankr. N.D. Ohio 2009) (debtor who did not hold title to motor vehicle but was permitted to drive it by her spouse who did hold title lacked an exemptible interest under the applicable Ohio exemption).

*Pugh*, 2015 WL 5145030 at *3, 2015 Bankr. LEXIS 2911 at **8 - 9.

The decisions in *Starr* and *Breece* appear to suggest two possible ways the court could resolve this issue. The decision in *Starr* held that the separate entity of the trust could be ignored, allowing the homestead exemption to be taken by the debtor. *In re Starr*, 485 B.R. 835 (Bankr. N.D. Ohio 2012). On the other hand, the *Breece* decision[3] upheld denial of the debtor's homestead exemption claim in property held in the name of a limited liability company ("LLC") because the "membership interest" of the debtor in the LLC was insufficient to qualify for the Ohio homestead exemption. *Breece*, 2013 WL 197399, 2013 Bankr. LEXIS 203. A close reading of both cases suggests that the decisions turn on aspects of their particular facts, and that elements of both decisions apply in this case.

In *Starr*, Judge Kendig noted that: "Unlike other property, a trust 'fundamentally involves a separation of the legal and equitable or beneficial interests in property.'" *Starr*, 485 B.R. at 837; *see also*, *First Natl. Bank of Cincinnati v. Tenney*, 165 Ohio St. 513, 517, 138 N.E.2d 15, 19 (1956)("It has been said many times that the radical idea of a trust is the coexistence of the legal title and the equitable interest, and that perfect ownership is decomposed into its constituent elements of legal title and beneficial interest, which are vested in different persons at the same time."). "In order

---

[3]/ *Breece* cites and generally follows Judge Whipple's earlier decision on the same issue, *In re Stewart*, 2010 Bankr. LEXIS 6517 (Bankr. N.D. Ohio Oct. 1, 2010).

6

to have a valid trust, the legal and equitable interests cannot reside in the same person." *Starr*, 485 B.R. at 837. However, in the self-settled revocable trust in *Starr*, where the debtor was the settlor, the trustee, and the beneficiary - the debtor had complete control of both the legal and the equitable interests. As trustee of her self-settled trust, the debtor in *Starr* could act in her own interests, which has bankruptcy consequences.

Property of the bankruptcy estate does not include any power that the debtor "may exercise solely for the benefit of an entity other than the debtor." *See*, 11 U.S.C. §541(b)(1). It follows that, "[p]owers that a debtor may exercise for [his or her] own benefit are, therefore, included [in the bankruptcy estate], or there would be no need for the [§541(b)(1)] exemption." *In re Prudential Lines*, 107 B.R. 832, 837 (Bankr. S.D.N.Y. 1989), *aff'd.*, 119 B.R. 430 (S.D.N.Y. 1990), *aff'd.*, 928 F.2d 565 (2nd Cir. 1991), *cert. denied*, 502 U.S. 821, 112 S. Ct. 82, 116 L.Ed.2d 55 (1991). Thus, in *Starr*, the debtor's powers as trustee – which could be exercised for debtor's own benefit[4] -- also became property of the bankruptcy estate, and the court allowed the homestead exemption to apply to the property as a whole, without distinguishing between the legal and the beneficial interests. *Starr*, 485 B.R. at 838.

Here, while the Debtor is the settlor and the beneficiary, the Debtor is not the trustee, and the Trust is irrevocable. [Doc. #1-1]. Thus, in this case, the Debtor does not control the legal interest in the property, except through a power to designate who receives the property after her death. [*Id.*, p. 2]. Further, under the terms of the Trust Agreement the Debtor cannot use her power to appoint a beneficiary of the principal and income remaining after her death, for her own benefit. She can only use that power to benefit some entity other than herself.[5] Thus, that power does not become property of the bankruptcy estate. *See*, 11 U.S.C. §541(b)(1). Accordingly, it does not appear appropriate, in this case, to allow the Ohio homestead exemption to apply to the entire residential property, essentially disregarding the existence of the Trust.

However, that does not mean that no part of the residential property may be claimed as

---

[4]/ *See*, *In re Phar-Mor, Inc.*, 152 B.R. 924, 926 (Bankr. N.D. Ohio 1993) ("NOL's are property of the estate under the broad language of 11 U.S.C. §541(a)(1) as a power or right which may be exercised by a debtor for its own benefit.").

[5]/ Generally speaking, a bankruptcy trustee stands in the shoes of the debtor. *See*, *Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651 (6th Cir. 2016).

7

exempt. This case is also distinguishable from the situation where the property in issue is owned by a Limited Liability Company. Notably, in both *Stewart* and *Breece*, the decisions look to whether the debtors had any rights to the property, other than through the debtor's membership interest in the LLC. *See*, *In re Stewart*, 2010 Bankr. LEXIS 6517 at **13 - 21 (finding there was no evidence of a legally enforceable oral lease); *Breece*, 2013 WL 197399 at *3, 2013 Bankr. LEXIS 203 at **8 - 9 ("In this appeal, Debtor has not clearly defined her interest in the Real Property; however, she does not assert an interest in the Real Property unrelated to her status as sole member in [the LLC]."); *see also*, *In re Schmakel*, 2013 WL 594317, 2013 Bankr. LEXIS 611 (Bankr. N.D. Ohio Feb. 14, 2014)(following *Breece*).

In contrast to the LLC cases, where the debtor's interest (apart from the membership interest) was essentially a tenancy at will, the rights of the Debtor in this case are stated in writing, and provide that during her lifetime (subject to the prior claim of certain expenses) she has the right to the residue of income and principal of the Trust.[6] [Doc. #1-1, p. 2, Section 2(d)]. The "principal" of the Trust is the real estate located at 9950 County Road 7 in Delta, Ohio. The Trustee has not attacked the validity of the Trust Agreement or the Trust itself. The only issue presently before the court is the Debtor's ability to claim an exemption based upon her beneficial interest in the real property that she resides in. The court finds that Debtor's beneficial interest, during her lifetime, is a sufficient "interest" under Ohio's exemption provision, allowing her to claim an exemption in the value of her lifetime interest in the real property.

The court has previously considered the various shades of interest a debtor may have based upon a trust granting the right to reside in a property for the debtor's lifetime. *See*, *Irons v. Maginnis (In re Irons)*, 572 B.R. 877, 885 - 890 (Bankr. N.D. Ohio 2017). For purposes of this decision, the court finds that the Debtor's interest in the property, based upon the language of the Trust, is more than a tenancy at will, which courts have held to be insufficient to support a homestead exemption. *See*, *Stewart*, 2010 Bankr. LEXIS 6517 at **13 - 21 (citing cases). Instead, the court finds the beneficial interest of the Debtor to be a right, granted in the Trust Agreement, to essentially use the property as her own during her lifetime. That interest is what may be validly claimed as Debtor's exempt interest in the Delta, Ohio property.

---

[6]/ "During the Settlor's lifetime, . . . d. Residue to recipient Robin Vess."

The fact that certain expenses are listed in the Trust Agreement as having a higher priority than Debtor's interest in the "Residue" does not change the analysis. *See*, *Pugh*, 2015 WL 5145030 at *4, 2015 Bankr. LEXIS 2911 at **10-11 (permitting exemption of inherited property despite the possibility that claims against the decedent's estate could come ahead of Debtor's interest).

Finally, while the *Stewart* decision correctly notes that the federal statute defining property of the bankruptcy estate does not control the interpretation of the Ohio exemption statute, bankruptcy courts generally need not decide whether Ohio's exemption statute applies to property that does not become property of the bankruptcy estate. Section 522(b) allows debtors to exempt property "from property of the estate." "No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 1835, 114 L.Ed.2d 350, 357 (1991) (emphasis in original). Thus, to the extent that the property did not become property of the estate, it does not appear that it can be excluded from the estate under Section 522(b).

To the extent that the Trust is valid under Ohio law, legal title, and the interest in the real estate remaining after the Debtor's death, do not appear to be property of the bankruptcy estate. At this time, no action has been brought by any party in interest attacking the validity of the Trust and/or the Trust Agreement.

Accordingly,

The Trustee's Objection to Debtor's Claim of Exemptions will be **DENIED** as to Debtor's beneficial interest during her lifetime, and **GRANTED** as to the balance of the real estate, for the reasons stated above.

**IT IS SO ORDERED.**